IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL J. MCFALL d/b/a RIDGE CREST ESTATES** § § § | **PLAINTIFF/COUNTER DEFENDANT** | |
| **v.** § § | **NO. 1:07CV698-LG-JMR** | |
| **CMH HOMES, INC.** § | **DEFENDANT/COUNTER CLAIMANT** | |

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND

**BEFORE THE COURT** is Plaintiff Michael J. McFall d/b/a Ridge Crest Estate's Motion to Remand [5] filed July 12, 2007. The Court finds that Defendant CMH Homes, Inc. has satisfied its burden of demonstrating that diversity jurisdiction exists in this matter. Therefore, McFall's Motion to Remand is denied.

### DISCUSSION

In September 2005, McFall and CMH entered into a contract wherein CMH agreed to lease all "existing and future" unoccupied sites at Ridge Crest Estates mobile home park in Gulfport, Mississippi. McFall alleged that CMH ceased payments three months later in violation of the termination clause. He filed this action in the Circuit Court of Harrison County, Mississippi against CMH for willful breach of contract. The Complaint sought "$57,591.75 for contract damages, an amount for attorney fees, punitive damages in an amount to be awarded by the Court" for willful and intentional breach of contract. CMH removed the case to this Court on the basis of diversity jurisdiction. McFall filed the Motion to Remand along with an affidavit stipulating that recovery is limited to $74,000.

The parties dispute whether the jurisdictional amount exceeds $75,000. McFall argues his punitive damages and attorney fee claims are one and the same. He stipulates that the fee will

be no more than $16,408.25. CMH denies that punitive damages are one and the same as attorney fees.

CMH bears the burden of establishing removal jurisdiction. *Rivet v. Regions Bank*, 108 F.3d 576, 582 (5th Cir. 1997). When the original state court complaint does not specify the dollar amount in controversy, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). This burden may be fulfilled in one of two ways. The defendant may show "it is facially apparent" from the complaint that plaintiff's claims "are likely" to exceed $ 75,000. *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 639 (5th Cir. 2003). If the value is not apparent, then the defendant may support federal jurisdiction by setting forth the facts, either in the removal petition or by affidavit, that support a finding of the jurisdictional amount. *Id.* Doubts about whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

The complaint makes a claim for tortious breach of contract. Under Mississippi law, punitive damages are recoverable for a tortious breach. *N.H. Ins. Co. v. Smith*, 357 So. 2d 119, 121 (Miss. 1978). This award is in addition to any attorney fees awarded. *See, e.g.*, *Hamilton v. Hopkins*, 834 So. 2d 695, 700 (Miss. 2003); *Century 21 Deep S. Props., Ltd. v. Corson*, 612 So. 2d 359, 375 (Miss. 1992) (attorney fees not awarded for breach of contract "unless punitive damages are also proper"). Therefore, if successful, McFall is entitled to compensatory damages, attorney fees, and separate punitive damages.

The compensatory damages alleged are $57,591.75. If successful, the attorney fees plus punitive damages are likely to exceed $17,408.26. The Motion to Remand is not well-taken and

is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Rule 16.1 (B)(2)(b) of the RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI, the parties shall promptly notify the magistrate judge of this order and shall promptly submit an order lifting the stay entered in this matter on July 13, 2007.

**SO ORDERED AND ADJUDGED** this the 23rd day of August, 2007.

                                        *s/ Louis Guirola, Jr.*
                                        LOUIS GUIROLA, JR.
                                        UNITED STATES DISTRICT JUDGE