IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. MCFALL d/b/a <br> RIDGE CREST ESTATES | § <br> § <br> § | PLAINTIFF |
| v. | § <br> § | Civil No. 1:07CV698-HSO-JMR |
| CMH HOMES, INC. | § <br> § <br> § | DEFENDANT |
| CMH HOMES, INC. | § <br> § | COUNTER-CLAIMANT |
| v. | § <br> § | |
| MICHAEL J. MCFALL | § | COUNTER-DEFENDANT |

**ORDER AND REASONS DENYING DEFENDANT
CMH HOMES, INC.'S MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion for Summary Judgment of Defendant CMH Homes, Inc. ["CMH" or "Defendant"], filed June 20, 2008 [26-1], in the above-captioned cause. Plaintiff Michael J. McFall d/b/a Ridge Crest Estates ["McFall" or "Plaintiff"] filed a Memorandum in Opposition [28-1] on July 7, 2008. CMH filed a Reply [30-1] in support of its Motion on July 24, 2008. After consideration of the submissions and the relevant legal authorities, the Court finds that CMH's Motion for Summary Judgment [26-1] must be denied.

I.  BACKGROUND

This action stems from a contract entered into by McFall and CMH on September 22, 2005 [the "Agreement"], regarding the rental by CMH from McFall of certain mobile home sites at McFall's mobile home park, known as Ridge Crest Estates.  *See* Compl., at p. 2; Agreement and Addendum, attached as Ex. "A" to

Def.'s Mot. for Summ. J. There is a dispute between the parties as to when the Agreement terminated, and McFall contends that CMH ceased payments to him in violation of the Agreement.

On May 1, 2007, McFall filed his Complaint in the County Court of Harrison County, Mississippi, First Judicial District. *See* Compl. [1-3]. McFall alleged willful and intentional breach of contract and seeks damages of $57,591.75, plus attorneys' fees, punitive damages, court costs, and pre- and post-judgment interest. *See* Compl. [1-3], at pp. 3-4. CMH removed the case to this Court on June 14, 2007, on the basis of diversity jurisdiction. *See* Notice of Removal [1-1]. In its Answer [2-1], CMH included a Counterclaim against McFall for breach of contract, breach of the duty of good faith and fair dealing, and trespass to chattels. CMH requests a declaratory judgment finding that it owes none of the $57,591.75 claimed by McFall, and compelling McFall to permit CMH to remove its manufactured home units from the Ridge Crest Estates park. *See* Answer [2-1], at pp. 7-9. CMH further seeks compensatory, incidental, consequential, and punitive damages, pre- and post-judgment interest, attorney's fees, and costs. *See id.* at pp. 9-10. CMH now seeks summary judgment on McFall's claims asserted against it in his Complaint.

## II. DISCUSSION

### A. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* (*citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Shields v. Twiss,* 389 F.3d 142, 149-50 (5th Cir. 2004) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *See Anderson*, 477 U.S. at 249. The nonmovant may not rely on mere

denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Gaddis v. Smith & Nephew, Inc.*, 534 F. Supp. 2d 697, 699 (S.D. Miss. 2008).

B.  CMH's Motion

The record before the Court reflects that the Agreement at issue references various Schedules that were purportedly attached to it and incorporated therein by reference; however, these Schedules are not included as part of the briefing. Without the entire Agreement, the Court is unable to meaningfully analyze the four corners of the contract, which is the requisite first tier of contractual construction under Mississippi law. *See Henry v. Moore*, --- So. 2d ---, 2008 WL 4211702, *5 (Miss. Ct. App. Sept. 16, 2008) (explaining the three-tiered approach to contract interpretation taken by the Mississippi Supreme Court).

The Court is also of the opinion that CMH has not established that there is no genuine issue as to any material fact, or that it is entitled to judgment as a matter of law. Based on the record before it, the Court is unable to resolve a number of important questions. These questions include, but are not limited to, whether and to what extent CMH owed an obligation to continue paying rent on lots after its November 1, 2005, payment, whether and to what extent there was an agreement to lease additional lots beyond those identified at the outset of the contract, and whether and when the Agreement terminated. Nor does the record support a conclusion that, at least at this stage, based on the portions of the

Agreement before the Court, CMH is entitled to judgment as a matter of law on Plaintiff's claims against it.

### III. CONCLUSION

Reviewing the evidence presented in the light most favorable to Plaintiff McFall and resolving all doubt in his favor, as the Court must, there are genuine disputes of material fact. Moreover, CMH has not met its burden of showing that it is entitled to judgment as a matter of law. As such, summary judgment in CMH's favor is not appropriate. *See* FED. R. CIV. P. 56.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited herein, the Motion for Summary Judgment of Defendant CMH Homes, Inc., filed June 20, 2008 [26-1], should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 3rd day of November, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE